**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Anthony Horton<br>5800 Hazel Avenue<br>2nd Floor<br>Philadelphia, PA 19143 | : : : : : | |
| Plaintiff, | : : | Civil Action No.: |
| v. | : : | |
| USA Environmental Management, Inc.<br>8436 Enterprise Avenue<br>Philadelphia, PA 19153 | : : : : | |
| And | : : | |
| City of Philadelphia, Streets Department<br>1401 John F. Kennedy Blvd.<br>Philadelphia, PA 19102 | : : : : | Jury of Twelve (12) Jurors Demanded |
| And | : : | |
| City of Philadelphia<br>1401 John F. Kennedy Blvd.<br>Philadelphia, PA 19102 | : : : : | |
| And | : : | |
| John Does 1-10 | : : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

**I. Introduction**

Plaintiff, Anthony Horton, purchased a property in 2005 with the intention to rehabilitate the structure and then sell it. After investing significant sums of money, Plaintiff had almost completed the repairs to the property. However, before he was able to complete remodeling, the property was substantially demolished by Defendant, USA Environmental Management, Inc.,

believed a contractor hired by Defendants, City of Philadelphia and City of Philadelphia, Streets Department.

## II. Parties

1.  Plaintiff, Anthony Horton is an adult individual residing at the above-captioned address.

2.  Defendant, USA Environmental Management, Inc. ("USA"), is a corporation, duly organized under the laws of the State of Delaware with a principal place of business at the above-captioned address.

3.  Defendant, City of Philadelphia, is a municipality of the first class, organized and existing pursuant to the laws of the Commonwealth of Philadelphia.

4.  Defendant, City of Philadelphia, Streets Department, is an agency of the City of Philadelphia.

5.  Defendant, USA was hired by Co-Defendants to demolish the subject property located at 5943 Belmar Street.

6.  Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## III. Jurisdiction and Venue

7.  Jurisdiction in this Honorable Court is based on diversity conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

8.  Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the subject of this action is situated within this District.

**IV. Operative Facts**

9.      Around 2005, the property at 5943 Belmar Street, Philadelphia, Pennsylvania ("Belmar Property") was purchased by Plaintiff.

10.     In 2005, Plaintiff purchased Belmar Property as an investment and intended to sell the property.

11.     Plaintiff purchased Belmar Property from Abraham Krantz (deceased), for the amount of $8,000.

12.     No liens existed at the time of transfer against Belmar Property, including, but not limited to, Water Department Liens, Tax Liens, and Licenses & Inspections ("L&I") violations.

13.     Shortly after purchasing the Belmar Property, Plaintiff spent $10,000 to repair a load-bearing exterior wall on the back of Belmar Property.

14.     At some time during Plaintiff's ownership of the Belmar Property, Defendant, City of Philadelphia issued a Complaint that the Belmar Property was in violation of various codes. [Exh. A].

15.     On or around February 11, 2011, Plaintiff received a permit from Defendant, City of Philadelphia to perform major alterations on the Belmar Property, including fixing dry-wall – which had been subject to a violation. [Exh. A & B].

16.     After the alterations were complete, Defendant sent Plaintiff a complaint concerning a bulged wall and various general items of rehab, which was marked by Defendant as "complied" – meaning it was no longer an issue. [Exh. C].

17.     On or about September 7, 2011, Defendants came to Belmar Property to demolish the structure.

18. Plaintiff called the city inspector to ensure this was just a mistake, and that the Belmar Property was not on the demolition list.

19. City Inspector John Lech, Defendant, John Doe, representative of Defendant, City of Philadelphia, informed the Plaintiff that he should not worry, that the Belmar Property was up to code, and that his property was not on the demolition list.

20. On or about September 14, 2011, a demolition crew was sent by the city, and this time no one was available at the Belmar Property to prevent the demolition.

21. On or about September 14, 2011, Defendants demolished significant portions of Belmar Property for no apparent reason.

22. When Plaintiff learned that Belmar Property was demolished, Plaintiff called the Chief Inspector to determine why the demolition was ordered.

23. Chief City Inspector Albert McCarthy, Defendant, John Doe, an agent of Defendants, stated "I fucked up," and that he did not check to verify that the Belmar Property was not on the demolition list.

24. As a direct and proximate result of the foregoing, Plaintiff sustained great economic loss.

25. As a further result of the foresaid conduct of Defendants, Plaintiff suffered great pain and agony, humiliation, mental strain and emotional distress.

## COUNT I
### Negligence

26. Plaintiff incorporates by reference the allegations set forth above as if fully set forth at length herein.

27. At the time of the aforesaid demolition, the negligence, carelessness and recklessness of Defendants consisted of, but were not limited to, respectively:

    (a) Not giving pre-demolition notice;

  (b)  Wrongfully demolishing the property owned by Plaintiff; and

  (c)  Otherwise negligent, careless and reckless conduct as may be identified during discovery.

28. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has sustained significant damages, including but not limited to great economic loss, pain and suffering, embarrassment, humiliation and emotional distress.

## COUNT II
### Violation of Due Process under the U.S. Constitution Amendment IV and XIV per 42 U.S.C. § 1983

29. Plaintiff incorporates by reference the paragraphs set forth above as if fully set forth at length herein.

30. At all times material, Plaintiff owned the subject property.

31. Plaintiff received notice that his property was not in compliance with certain codes of the City of Philadelphia Administrative Code.

32. Plaintiff took proper steps to bring his property in compliance, and alerted Defendants of the same.

33. Defendants then demolished Plaintiff's property.

34. Plaintiff was deprived of an individual property interest.

35. Plaintiff was never given any type of hearing nor notice before the demolition.

36. Defendants did not provide substantive nor procedural due process of law.

37. As a result of Defendants' conduct, Plaintiff has been harmed.

### V. Prayer for Relief

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, including:

a. Nominal, compensatory and punitive damages;

b. Reasonable attorneys' fees, costs and interest; and

c. Such other and further relief as this Court may deem proper.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff