IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORTON,<br><br>　　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>USA ENVIRONMENTAL<br>MANAGEMENT, INC., ET AL,<br><br>　　　　　　　　**Defendants.** | Case No.: 2:13-cv-03352-RB |

**DEFENDANT USA ENVIRONMENTAL MANAGEMENT
INC.'S MOTION TO DISMISS COUNT TWO OF
THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendant USA Environmental Management, Inc. ("USAEM"), by and through its undersigned attorneys, respectfully moves this Court for an order, pursuant to F.R.C.P. 12(b)(6), dismissing count two of plaintiff's amended complaint against it for failure to state a claim and avers as follows:

1.　On June 14, 2013 plaintiff filed a two count complaint against USAEM, the City of Philadelphia, Streets Department and The City of Philadelphia. See plaintiff's complaint (Document 1), generally.

2.　On July 11, 2013 USAEM filed a motion to dismiss count two of plaintiff's original complaint. See USAEM's motion to dismiss plaintiff's complaint (Document 5).

3.　On July 26, 2013 plaintiff filed an amended complaint which was substantially similar to the original complaint adding an allegation that USAEM was acting on behalf of the City when it demolished the building. See plaintiff's amended complaint (Document 9[1]) at ¶22.

4.　Plaintiff avers he purchased property located at 5943 Belmar Street, Philadelphia, PA in 2005 for $8,000.00. See id. at ¶¶9 and 11.

---

[1] Plaintiff's amended complaint appears on the docket twice, it is also Document 10.

5. On or about September 7, 2011 defendants[2] came to the property to demolish the structure. See id. at ¶17.

6. Plaintiff avers the property was not on the demolition list. See id. at ¶19.

7. On or about September 14, 2011 a demolition crew was sent by the City to demolish the structure. See id. at ¶20.

8. On or about September 14, 2011 defendant USAEM demolished significant portions of the structure. See id. at ¶21.

9. As a result plaintiff filed a two count complaint alleging negligence (count I) and a violation due process under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983 (count II). See plaintiff's amended complaint (Document 9).

10. Plaintiff asserts USAEM is "a corporation, duly organized under the laws of the State of Delaware with a principal place of business at" 8436 Enterprise Avenue, Philadelphia, PA 19153. See id. at ¶2.

11. Plaintiff avers USAEM was hired by co-defendants to demolish the property. See id. at ¶5.

12. "To state a claim under [Section 1983], a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

13. "Merely private conduct, no matter how discriminatory or wrong," is outside the scope of Section 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977 (1999).

---

[2] The amended complaint does not specify which of the three defendants this allegation refers to.

14. The Supreme Court has held "[a]cts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 840-41, 102 S. Ct. 2764 (1982).

15. Plaintiff's amended complaint offers no facts or allegations USAEM is a state actor or acting under color of state law – as no such facts exist. <u>See</u> plaintiff's amended complaint (Document 9), generally. Instead, plaintiff correctly avers USAEM was hired by the City to demolish the building. <u>See</u> plaintiff's amended complaint (Document 9) at ¶5.

16. Since USAEM is a private contractor and was not a state actor, plaintiff's claim for violation of his Constitutional rights (count two) fail as a matter of law as to USAEM and must be dismissed. <u>See</u> <u>Sershen v. Cholishi</u>, 2008 U.S. Dist. LEXIS 15678, Civil Action No. 3:07-cv-1011 (M.D. Pa. Feb. 29, 2008).

WHEREFORE, defendant USA Environmental Management, Inc. respectfully requests this Honorable Court grant its motion to dismiss count two of the amended complaint in the form of order submitted.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____
Robert M. Cavalier, Esquire
Daniel S. Strick, Esquire
1500 Walnut Street, Suite 1500
Philadelphia, PA 19102
rcavalier@lucascavalier.com
dstrick@lucascavalier.com
**Attorneys for defendant USA Environmental Management, Inc.**

Date: <u>August 1, 2013</u>

i:\horton\pleadings\motion to dismiss amended complaint.docx

## CERTIFICATE OF SERVICE

I, Daniel S. Strick, Esquire, hereby certify on this date a true copy of defendant USA Environmental Management Inc.'s F.R.C.P. 12(b)(6) motion to dismiss count two of plaintiff's amended complaint with supporting memorandum of law and proposed order were served on this date upon the following:

**by ECF**:

Matthew B. Weisberg
*Weisberg Law, P.C.*
7 South Morton Avenue
Morton, PA 19070
**Attorney for Plaintiff**

**by First Class US Mail, postage prepaid**

City of Philadelphia, Streets Department
1401 John F. Kennedy Blvd.
Philadelphia, PA  19102
**Defendant**

City of Philadelphia
1401 John F. Kennedy Blvd.
Philadelphia, PA  19102
**Defendant**

_____
Daniel S. Strick, Esquire

Dated:  August 1, 2013
i:\horton\pleadings\motion to dismiss amended complaint.docx