IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORTON,<br><br>      **Plaintiff,**<br><br>  v.<br><br>USA ENVIRONMENTAL<br>MANAGEMENT, INC., ET AL,<br><br>      **Defendants.** | Case No.: 2:13-cv-03352-RB |

**DEFENDANT USA ENVIRONMENTAL MANAGEMENT, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT
TWO OF THE AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant USA Environmental Management, Inc. ("USAEM"), by and through its undersigned attorneys, respectfully moves this Court for an order, pursuant to F.R.C.P. 12(b)(6), dismissing count two of plaintiff's amended complaint against it for failure to state a claim.

**I. INTRODUCTION**

USAEM is a private contractor hired by the City of Philadelphia to demolish property located at 5943 Belmar Street, Philadelphia, PA. Plaintiff avers the demolition was done in error. Count two of the amended complaint asserts a cause of action[1] against all defendants for violating his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. Section 1983 claims can only be asserted against state actors. USAEM is not a state actor; it is a for-profit corporation who had a contract with the City of Philadelphia to perform services. There is no potential basis to hold USAEM liable for alleged deprivation of Constitutional rights. Moreover, plaintiff's complaint is completely devoid of any facts or allegations suggesting

---

[1] Count one of the complaint asserts a cause of action for negligence.

USAEM was acting under color of state law. Therefore, count two of plaintiff's amended complaint as to USAEM fails to assert a claim upon which relief can be granted.

## II. RELEVANT FACTS

Plaintiff avers he purchased property located at 5943 Belmar Street, Philadelphia, PA in 2005 for $8,000.00. On or about September 7, 2011 defendants[2] came to the property to demolish the structure. Plaintiff alleges the property was not on the demolition list. On or about September 14, 2011 a demolition crew was sent by the City to demolish the structure. On or about September 14, 2011 defendant USAEM demolished significant portions of the structure.

Plaintiff asserts USAEM is "a corporation, duly organized under the laws of the State of Delaware with a principal place of business at" 8436 Enterprise Avenue, Philadelphia, PA 19153. Plaintiff avers USAEM was hired by co-defendants to demolish the property. Count two of the amended complaint asserts a cause of action against all defendants for violating his Constitutional rights. Plaintiff's amended complaint offers no facts or allegations USAEM is a state actor or acting under color of state law, as no such facts exist which could permit such an allegation.

## III. ARGUMENT

### A. Motion to Dismiss Legal Standard

When deciding a motion to dismiss under F.R.C.P. 12(b)(6), "a court may properly refer to the factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputedly authentic documents attached as exhibits to the defendant's motion to dismiss if the plaintiffs' claims are based on those

---

[2] The amended complaint does not specify which of the three defendants he is referring to.

documents." Pension Benefit Guaranty Corp. v. White Consolidated Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

While the court must accept as true the factual allegations in the pleadings and must give plaintiff the benefit of every favorable inference that can be drawn from those allegations, this rule has definite limitations. See id. First, allegations that are not supported by the exhibits and other documents need not be credited. E.g., Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004), cert. denied, 543 U.S. 918 (2004); In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1998).

Further, and as the United States Supreme Court explained in Bell Atlantic Corp., et al v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,… Factual allegations must be enough to raise a right to relief above the speculative level," and render allegations of wrongdoing "plausible"; put another way, the factual allegations of the complaint must "possess enough heft to 'show that the pleader is entitled to relief.'" Id. at 1965-66. As the Supreme Court explained, "[t]he pleading must contain something *more* … than … a statement of facts that merely creates a *suspicion* [of] a legally cognizable right of action" at 1965 [ellipses of the Court; emphasis added; *quoting* 5 C. Wright & A. Miller, Federal Practice & Procedure §1216, pp. 235-236 (3d ed. 2004)].

In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing the plaintiff's complaint fails to state a claim upon which relief can be granted. See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

**B.     The Complaint Fails to Allege USAEM is a State Actor**

One may be liable under §1983 only for conduct "fairly attributable to the State," that is, for a deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state ..." and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, (1982). A nominally private entity is a state actor "when it is controlled by an agency of the State, when it has been delegated a public function of the State, when it is entwined with governmental policies, or when government is entwined in its management or control." Benn v. Universal Health Sys., Inc., 371 F.3d 165, 171 (3d Cir. 2004) (internal citations and quotation marks omitted).

Courts within this Circuit have granted motions to dismiss for failure to adequately allege state action. See, e.g., Schneider v. Arc of Montgomery County, 497 F. Supp. 2d 651, 659 (E.D. Pa. 2007); Jackson v. Metro. Edison Co., 419 U.S. 345, 95 S. Ct. 449 (1974) (affirming grant of motion to dismiss); Leshko v. Servis, 423 F.3d 337 (3d Cir. 2005) (same); Cmty. Med. Ctr. v. Emergency Med. Servs. of Ne. Pa., Inc., 712 F.2d 878 (3d Cir. 1983) (same). If plaintiff's factual allegations, taken as true, do not support a finding the defendant acted under color of law, dismissal is appropriate. See Sershen v. Cholishi, 2008 U.S. Dist. LEXIS 15678, at *13, Civil Action No. 3:07-cv-1011 (M.D. Pa. Feb. 29, 2008).

Plaintiff's amended complaint is completely devoid of any allegations or facts even suggesting USAEM was a state actor or was acting under color of law. Plaintiff's sole allegation is USAEM was hired by the City of Philadelphia to demolish the property. See plaintiff's amended complaint (Document 9[3]) at ¶5. "Acts of ... private contractors do not become acts of

---

[3] Plaintiff's first amended complaint was filed twice. It is also docketed as Document 10.

4

the government by reason of their significant or even total engagement in performing public contracts." Rendell-Baker v. Kohn, 457 U.S. 830, 840-41, 102 S. Ct. 2764 (1982). Accordingly, count II of plaintiff's amended complaint as to USAEM fails to assert a cause of action upon which relief can be granted.

## IV. CONCLUSION

USAEM is not a state actor. Plaintiff's amended complaint does not allege it is a state actor. Therefore, plaintiff's claim for violating his Constitutional rights (count II) fails as a matter of law and count II of the amended complaint must be dismissed as to USAEM with prejudice.

WHEREFORE, defendant USA Environmental Management, Inc. respectfully requests this Honorable Court dismiss count II of plaintiff's amended complaint with prejudice in the form of order submitted.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____

Robert M. Cavalier, Esquire
Daniel S. Strick, Esquire
1500 Walnut Street, Suite 1500
Philadelphia, PA 19066
Tel (215) 751-9192
Fax (215) 751-9277
**Attorneys for defendant USA Environmental Management, Inc.**

Date: August 1, 2013

i:\horton\pleadings\memo in support of motion to dismiss the amended complaint.docx