# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY HORTON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.    13-3352 |
| USA ENVIRONMENTAL | : | |
| MANAGEMENT, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                              September 24, 2013

Currently pending before the Court is the Motion by Defendant USA Environmental

Management, Inc. to Dismiss Count Two of the Amended Complaint Pursuant to Rule 12(b)(6).

For the following reasons, the Motion is granted and Count Two as against USA Environmental

Management, Inc. is dismissed without prejudice to Plaintiff's leave to amend his Complaint.

## I.      FACTUAL BACKGROUND

According to the facts set forth in the Amended Complaint, Plaintiff Anthony Horton

purchased a property at 5943 Belmar Street, Philadelphia, PA ("Belmar Property") with the

intention to resell it.  (Am. Compl. ¶¶ 9–10.)  Plaintiff paid $8,000 for the Belmar Property and,

at the time of transfer, there were no liens against it and no Licenses & Inspections violations.

(Id. ¶ 11–12.)  Shortly after purchasing the Belmar Property, Plaintiff spent $10,000 to repair a

load-bearing exterior wall on the back.  (Id. ¶ 13.)   At some point during Plaintiff's ownership of

the Belmar Property, Defendant City of Philadelphia issued a Complaint that the Property was in

violation of various codes.  (Id. ¶ 14.)  On February 11, 2011, Plaintiff received a permit from

Defendant City of Philadelphia to perform major alterations on the Belmar Property, including fixing drywall, which had been subject to a violation. (Id. ¶ 15.) Upon completion of the alterations, Defendant sent Plaintiff a complaint concerning a bulged wall and various general items of rehab, which was marked by Defendant as "complied"—meaning the items were no longer an issue. (Id. ¶ 16.)

On September 7, 2011, Defendants came to the Belmar Property to demolish the structure. (Id. ¶ 17.) Plaintiff called the City Inspector's Office to confirm that this was a mistake and that the Belmar Property was not on the demolition list. (Id. ¶ 18.) City Inspector John Lech told Plaintiff not to worry, that the Belmar Property was up to code, and that it was not on the demolition list. (Id. ¶ 19.) Nonetheless, on September 14, 2011, a demolition crew was sent by the City to the Belmar Property and, this time, no one was on site to stop the demolition. (Id. ¶ 20.) Acting on behalf of, at the direction of, and under allegedly conveyed authority from the City of Philadelphia, Defendant USA Environmental Management, Inc. ("USAEM") demolished significant portions of the subject property. (Id. ¶¶ 21–22.) When Plaintiff learned that the Belmar Property was demolished, he called the Chief City Inspector to determine why the demolition was ordered. (Id. ¶ 23.) Chief City Inspector Albert McCarthy stated, "I f—ed up" and indicated that he did not check to verify that the Belmar Property was not on the demolition list. (Id. ¶ 24.)

Thereafter, on June 24, 2013, Plaintiff initiated the present action and, on July 29, 2013, filed a two-count Amended Complaint alleging (1) negligence and (2) a violation of the Fourth and Fourteenth Amendments to the Constitution pursuant to 42 U.S.C. § 1983. The Amended Complaint named as Defendants USAEM, the City of Philadelphia, the City of Philadelphia

Streets Department, and John Does 1–10.

Defendant USAEM filed the present Motion to Dismiss Count II of the Amended Complaint on August 1, 2013. Plaintiff responded on September 16, 2013, making the present Motion ripe for consideration.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)); Fowler v. UPMC Shadyside, 578 F.3d 210, 211 (3d Cir. 2009).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

III.    DISCUSSION

Defendant USAEM presently seeks dismissal of the § 1983 claim against it on the theory that it is not a state actor, but rather a for-profit corporation who had a contract with the City of Philadelphia to perform services. It goes on to allege that there are no allegations in the Amended Complaint to suggest that it was acting under color of state law. Accordingly, USAEM asserts that there is no potential basis to hold it liable for the alleged deprivation of

Plaintiff's constitutional rights.   In light of these facts, it seeks dismissal of Count II of

Plaintiff's Amended Complaint.

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  The statute itself does not independently create substantive rights, but merely

"provides a remedy for deprivations of rights established elsewhere in the Constitution or federal

laws." Kopec v. Tate, 361 F.3d 772, 775–76 (3d Cir. 2004); see also Gonzaga Univ. v. Doe, 536

U.S. 273, 284–85 (2002); Bush v. Lancaster City Bureau of Police, No. Civ.A.07-3172, 2008

WL 3930290, at *3 (E.D. Pa. Aug. 26, 2008).  A plaintiff may bring a § 1983 action if he alleges

that a person acting under color of state law deprived him of rights, privileges, or immunities

secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; Anderson v. Davila,

125 F.3d 148, 159 (3d Cir. 1997).

A defendant acts under color of state law when he exercises power "'possessed by virtue

of state law and made possible only because the wrongdoer is clothed with the authority of state

law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299

(1941)); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 23 (3d Cir. 1997).  The United

States Court of Appeals for the Third Circuit treats § 1983's "under color of law" provision

identically to the Fourteenth Amendment's "state action" requirement.  Becker v. City Univ. of

Seattle, 723 F. Supp. 2d 807, 810 (E.D. Pa. 2010) (citing Kach v. Hose, 589 F.3d 626, 646 (3d

Cir. 2009)).  A private actor's behavior constitutes state action only where there is "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  Kach, 589 F.3d at 646 (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)).  To determine the existence of such a nexus, the Third Circuit utilizes three broad tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state;
>
> (2) whether the private party has acted with the help of or in concert with state officials; and
>
> (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

Id. (internal quotation marks omitted).  Under all three tests, "'the inquiry is fact-specific.'"  Id. (quoting Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995)).  Nonetheless, it is well-established that "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."  Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982).

In the present case, the sole allegations regarding USAEM's actions are as follows:

> 5.     Defendant, USA, was hired by Co-Defendants to demolish the subject property located at 5943 Belmar Street.
>
> . . .
>
> 21.    Upon information and belief, Defendants, City, conveyed its authority to Co-Defendant, USA Environmental Management, Inc., to demolish Plaintiff's property, said co-defendant acting individually and on behalf of Defendants, City.
>
> 22.    On or about September 14, 2011, acting on behalf of City of Philadelphia,

6

> USA Environmental Management, Inc., demolished significant portions of the subject property, at the City's direction, for no apparent reason.
>
> . . .
>
> 25. To the extent discovery may reveal co-defendant, USA Environmental, knew or should have known of the impropriety of the demolition, and demolished anyway, said Defendant is likewise liable.

(Am. Compl. ¶¶ 5, 21, 22, 25.) These allegations, considered either alone or in conjunction, do not fall within any of the categories enumerated by the Third Circuit for deeming a private party to have acted under state law. Nothing in the Amended Complain indicates that USAEM was exercising powers that were traditionally the exclusive prerogative of the City of Philadelphia. Indeed, the Amended Complaint makes clear that the City made the decision to demolish the Belmar Property and USAEM merely carried out those instructions pursuant to a contract with the City.

Moreover, Plaintiff has not asserted any conspiracy between the City and USAEM under the second test. Although, as a general rule, "no more is required of a plaintiff in § 1983 cases" than to satisfy the standards of notice pleading, Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998), when conspiracy is involved, "'[t]he plaintiff must make specific factual allegations of combination . . . or understanding among all or any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" Kist v. Fatula, No. Civ.A.06-67, 2007 WL 2404721, at *8 (W.D. Pa. Aug.17, 2007) (quoting Hammond v. Creative Fin. Planning, 800 F. Supp. 1244, 1250 (E.D. Pa. 1999)); see also Sershen v. Cholish, No. Civ.A.07-104, 2008 WL 598111, at *7 (M.D. Pa. Feb. 29, 2008) (noting that where the conduct at issue is a conspiracy, the complaint must allege some facts about the formation and scope of that conspiracy). No such allegations are present in the Amended Complaint.

Finally, under the "joint action" theory, the United States Supreme Court has explained that, even in the absence of a conspiracy, a private party may be characterized as a state actor when he is a "joint participa[nt] with state officials in the seizure of disputed property." Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 941 (1982). The Third Circuit has interpreted Lugar to mean that, "at least when the state creates a system permitting private parties to substitute their judgment for that of a state official or body, a private actor's mere invocation of state power renders that party's conduct actionable under § 1983." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984). In other words, a plaintiff must allege that the private actor was "draped with the power of the state or that its judgment was substituted for the municipality's." Sershen, 2008 WL 598111, at *7. Nothing in the Amended Complaint before the Court suggests that USAEM was draped with the City's power or that it was able to substitute its judgment regarding demolition for the City's. Indeed, the Amended Complaint only suggests that USAEM was hired to demolish the Belmar Property and that it carried out those instructions.

In light of the foregoing, the Court must find that Plaintiff has failed to properly allege that USAEM was a state actor for purposes of the § 1983 claim.[1] It is well-established, however, that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile, or there has been some showing of bad faith, undue delay, or prejudice. Alston v. Parker, 363 F.3d 229, 235–36

---

[1] Plaintiff asserts that because this is a fact-specific inquiry, it is premature to dismiss the § 1983 in the context of a Rule 12(b)(6) Motion. This argument is mistaken. Numerous cases have found that failure to adequately plead that a private party was acting under color of state law is grounds for dismissal. See, e.g., Becker v. City Univ. of Seattle, 723 F. Supp. 2d 807, 812 (E.D. Pa. 2010); Sershen, 2008 WL 598111, at *8; Kavakich v. N. Franklin Twp., No. Civ.A.06-1109, 2007 WL 2188113, at *6 (W.D. Pa. July 2, 2007).

(3d Cir. 2004). This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request. Id. Plaintiff, in this case, has requested an opportunity to amend in order to more sufficiently plead the connection between the City and USAEM. Absent both an objection by Defendant and a showing of prejudice or futility, the Court is inclined to permit the amendment.

## IV.    CONCLUSION

In sum, the Court grants Defendant USAEM's Motion to Dismiss Count Two of the Amended Complaint against it, but does so without prejudice. Plaintiff shall have fourteen days from the date of the accompanying Order in which to file a Second Amended Complaint adequately alleging that USAEM acted under color of state law. Failure to either submit such an amended pleading or to satisfy Twombly/Iqbal standards for pleading such a cause of action shall, upon proper motion by Defendant USAEM, result in dismissal of this cause of action with prejudice.